## Daniel KNISLEY, Plaintiff,

v.

## ADVANCIA CORPORATION DISABILITY BENEFITS PLAN; Advancia Corporation; Guardian Life Insurance Company of America, Defendants.

### No. A04–0081 CV RRB.

United States District Court,
D. Alaska.

Jan. 31, 2005.

## ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL

BEISTLINE, District Judge.

## I. INTRODUCTION

Before the Court are Defendants Advancia Corporation Disability Benefits Plan and Advancia Corporation (hereinafter collectively referred to as "Defendants") with a Motion for Dismissal Pursuant to Fed. R.Civ.P. 12(b)(6) (Docket No. 17). Defendants argue that there is no basis for any of the claims against Advancia Corporation and that the only legally cognizable claim against the Advancia Corporation Disability Benefits Plan is the claim for long-term disability benefits under 29 U.S.C. § 1132(a)(1)(B).[1] Plaintiff Daniel Knisley opposes and argues, to the contrary, that there is no basis for the dismissal of his claims against Defendants.[2]

## II. FACTS

This is an action to enforce the terms of a Disability Benefits Plan, under the Em-

---

1. Clerk's Docket No. 17 at 2.

2. Clerk's Docket No. 21 at 26–28.

ployee Retirement Income Security Act (ERISA) 502(a)(1)(B) and for other equitable and statutory relief under [29 U.S.C. § 1132(a)(1 & 3) ], (E) and (d)(2).[3].

Generally speaking, Defendant Advancia Corporation provided its employees with a Disability Benefits Plan (the "Plan") through Defendant Guardian Life Insurance Company of America ("Guardian"). The Plan has a pre-existing condition exclusion, which stipulates: "[n]o benefits are payable for *disability* due to a pre-existing condition, unless the *disability* starts after you complete at least one full day of *active work* after the date you are insured under this *plan* for 12 months in a row." (Emphasis in original.)

Plaintiff worked for Defendant Advancia Corporation from January 7, 2002, to December 31, 2002, when he took a medical leave of absence due to kidney failure.[4] After December 31, 2002, Plaintiff applied for and received short term disability benefits for 12 weeks.[5] On or about April 7, 2003, Plaintiff was advised that he was being considered for long term disability benefits. Plaintiff resigned on April 18, 2003. On May 7, 2003, Guardian declined long term disability benefits to Plaintiff on the grounds that he had a pre-existing kidney condition prior to being employed at Advancia and had not worked continuously for 12 months.[6] Following an unsuccessful administrative appeal, Plaintiff seeks relief in this Court.

## III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[7] A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[8] In reviewing a Fed.R.Civ.P. 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[9] The Court is not required to accept every conclusion asserted in the complaint as true. Rather, the Court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."[10]

## IV. DISCUSSION

Before addressing the merits of Defendants' Motion for Dismissal (Docket No. 17), clarification is necessary regarding two points of on-going contention in this matter. First, in accordance with 29 U.S.C. § 1002(16)(A), the Court concludes Defendant Advancia Corporation is the "Plan Administrator." Second, having thoroughly reviewed the matter, the Court further concludes the correct standard of review for Guardian's decision concerning plan benefits is "abuse of discretion."[11]

3. *Id.* at 1.

4. *Id.*

5. *Id.* at 4.

6. *Id.* at 5.

7. *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir.1997).

8. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988).

9. *Vignolo,* 120 F.3d at 1077.

10. *Holden v. Hagopian,* 978 F.2d 1115, 1121 (9th Cir.1992) (*quoting Brian Clewer, Inc. v. Pan American World Airways, Inc.,* 674 F.Supp. 782, 785 (C.D.Cal.1986)).

11. *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan,* 370 F.3d 869, 875–76 (9th Cir. 2004).

Having established the same, the Court examines the sufficiency of Plaintiff's claims in light of Defendants' Motion for Dismissal.

### A. Plaintiff's Claims Against Defendant Advancia Corp. Under 29 U.S.C. §§ 1132(a)(1)(A) and 1132(c) Are Hereby Dismissed.

To begin, inasmuch as Plaintiff has: (1) failed to substantiate a claim under 29 U.S.C. § 1132(a)(1)(A) & (©) that Defendant Advancia Corporation failed to provide a copy of the Summary Plan Description (SPD) *in response to any request he allegedly made for the document;* [12] and (2) inasmuch as Plaintiff never made *any* allegations on the issue in the Complaint,[13] Plaintiff's claims against Defendant Advancia Corporation under 29 U.S.C. §§ 1132(a)(1)(A) and 1132(c) are hereby DISMISSED.

### B. Plaintiff's Claims Against Defendant Advancia Corp. Under 29 U.S.C. § 1132(a)(1)(B) Are Hereby Dismissed.

Inasmuch as Plaintiff does *not* argue that Defendant Advancia Corporation is subject to suit under 29 U.S.C. § 1132(a)(1)(B), Plaintiff's claims against Defendant Advancia Corporation, pursuant to 29 U.S.C. § 1132(a)(1)(B) are hereby DISMISSED.

### C. Plaintiff's Claims Against Defendant Advancia Corp. Under 29 U.S.C. § 1132(a)(3) Are Hereby Dismissed.

"[C]ritical limitations apply to the 'equitable relief' that can be afforded under 29 U.S.C. § 1132(a)(3)." [14] Indeed, monetary damages such as those sought by Plaintiff are clearly *not* available in conjunction with a 29 U.S.C. § 1132(a)(3) claim.[15] To permit the same would be to allow the "lawyerly inventiveness" that the U.S. Supreme Court sought to prohibit in *Great–West v. Knudson.*[16]

Moreover, even if the Court were to hold that the Plan records should be modified to "instate" Plaintiff, as falling within permissible 29 U.S.C. § 1132(a)(3) "equitable relief," the Court concludes Defendant Advancia Corp. has no such authority over Plan records.[17] It is Defendant Guardian, not Defendant Advancia Corp., "that functions as 'claims fiduciary' with authority over Plaintiff's entitlement or non-entitlement to benefits." [18] Consequently, Plaintiff's claims against Defendant Advancia Corp. under 29 U.S.C. § 1132(a)(3) are also DISMISSED.

### D. Plaintiff's Claims Against Defendant Advancia Corp. Under 29 U.S.C. § 1132(d)(2) Are Hereby Dismissed.

Because Plaintiff's claims under 29 U.S.C. § 1132(d)(2) fail to provide any arguments separate from his 29 U.S.C. § 1132(a)(1 & 3) claims, they too are DISMISSED.

---

**12.** Clerk's Docket No. 30 at 3 (emphasis in original).

**13.** *Id.* at 4 (emphasis in original).

**14.** *Id.* at 6 (*citing Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 211–12, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002)).

**15.** *Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 211 & n. 1, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002).

**16.** *Id.*

**17.** Clerk's Docket No. 30 at 7.

**18.** *Id.*

**E. Plaintiff's Claims Against the Plan Other Than the Claim for Benefits Pursuant to 29 U.S.C. § 1132(a)(1)(B) Are Hereby Dismissed.**

Finally, because Defendants' motion to dismiss all claims against the Plan other than the claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) is both convincing and *unopposed*, it is hereby **GRANTED**. Indeed, "[t]here is *no* factual basis alleged in the Complaint for any of the other claims in the Complaint to lie against the Plan; not a single factual allegation is directed to the Plan." [19]

## V. CONCLUSION

For these reasons, and for additional reasons more carefully articulated within the various applicable pleadings, Defendants Motion to Dismiss (Docket No. 17) is hereby **GRANTED**. As a result, Defendants' Cross–Motion for Summary Judgment (Docket No. 33) is **DENIED** as moot.

**19.** Clerk's Docket No. 17 at 11 (emphasis added).